UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.

GINA DIPIETRO,

      Plaintiff,

v.

A CHILD IS MISSING, INC.,
and SHERRY FRIEDLANDER

      Defendants.
_____/

## COMPLAINT

Plaintiff, Gina DiPietro, by and through her undersigned attorney, files this Complaint against Defendants, A Child Is Missing, Inc. and Sherry Friedlander, stating as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. This is an action to recover unpaid overtime wages and retaliation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, A Child Is Missing, Inc., is a not for profit corporation that assists law enforcement in the recovery of missing persons nationwide in addition to teaching and organizing child safety education programs to youth ages 5-17. Among other things, the company sends out text message alerts of missing persons. Defendant is part of the Silver Alert system in Florida, North Carolina and Tennessee. Defendant's website asserts that its alert system is "not restrained by jurisdictional boundaries, meaning they can cross city, county, and state lines." Defendant also "hosts regular training throughout

the country" with "trainers who are available to speak at national and local conferences."[1] Corporate Defendant has two or more employees who use the instrumentalities of commerce to perform Defendant's service nationwide.

4. Defendant, Sherry Friedlander, is the CEO of Corporate Defendant and was Plaintiff's manager and direct supervisor. She interacted with Plaintiff regularly including being responsible for her wages and schedule.

5. Plaintiff was an employee of Defendants. She was employed as an administrative assistant. Her job duties included taking phone calls from individuals and police departments nationwide and soliciting funds from doners.

6. Plaintiff qualifies for individual coverage under the FLSA because she regularly received interstate phone calls to mobilize Defendants' services in these out of state locations. She also solicited funds over the phone from out of state donors.

7. At all times material, Plaintiff was and is a resident of Broward County, FL.

8. This Court has jurisdiction over Defendants because they engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

9. Venue is proper due to the unlawful employment practices alleged occurring in Broward County.

**FACTS**

10. Plaintiff was employed with Defendants from February 2019 to April 2021 as an administrative assistant. Her duties included answering the phone from individuals and law enforcement reporting missing individuals nationwide. She also handled fund raising for the company and organized youth camps.

---

[1] https://achildismissing.org/for-law-enforcement

11. In her administrative assistant duties, Plaintiff worked a regular schedule, 40 hours per week.

12. Beginning in August 2020, Plaintiff was given the additional duty of handling the after-hours phone service run by Defendants. This was designed so the company had 24/7 365 day coverage for its service. If a person or law enforcement agency called, Defendants would always have someone pick up the phone to broadcast the alert service.

13. Defendants created a schedule for workers to be aware that they would be receiving these phone calls throughout the night.

14. Before August 2020, this service was provided by technicians receiving $75 per 8 hour shift. Come August 2020, one technician job was eliminated in favor of using Plaintiff to do that work. Unlike the technicians though, Plaintiff was not paid for her time.

15. From August to October 2020, Plaintiff was scheduled to work an additional 40 hours per week to handle these phone calls (5 8-hour shifts). When this got to be too much, Plaintiff complained resulting in a reduction to 24 hours of additional work (3 8-hour shifts).

16. Plaintiff was paid $16.8269 per hour for her regular work. Unfortunately, she was not paid anything at all for her additional work. This translates to an overtime rate of $25.24 per hour.

17. Assuming 40 hour base weeks, Plaintiff's estimated overtime is $22,615.04. This includes approximately 8 weeks of 40 hours of overtime and 24 weeks of 24 hours, or 896 hours of overtime.

18. Plaintiff was not given any additional compensation for this additional work.

19. The week of March 29, 2021, Plaintiff had finally had enough of the additional work for

no additional pay and brought this failure to pay overtime to the attention of Ms. Friedlander and Jackie Breen. Instead of fixing the problem, Plaintiff was terminated at the end of the week on April 2, 2021.

20. Plaintiff was terminated by Defendants in retaliation for her complaints regarding their failure to pay overtime.

21. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages in compliance with the FLSA and are liable for monetary damages.

22. In determining payment policies, specifically not paying overtime, Defendants did not consult an attorney.

23. In determining payment policies, specifically not paying overtime, Defendants did not consult an accountant.

24. In failing to confer with a professional such as an attorney or an accountant, Defendants have shown that they have disregarded the FLSA and have not acted in good faith. Plaintiff is therefore entitled to an equal and additional amount in liquidated damages.

25. As Plaintiff was an hourly employee, there can be no grounds that Defendants acted in good faith by failing to pay overtime.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

26. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce within the meaning of the FLSA.

28. During her employment, Plaintiff worked in excess of forty (40) hours per week for which she was not compensated at the statutory rate of 1.5x her regular rate of pay for all of those hours worked.

29. Plaintiff was entitled to be paid at the rate of 1.5x her regular rate of pay for all her hours worked in excess of the maximum hours (40 hours) as she is entitled under the FLSA.

30. Defendants failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

31. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

32. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. Due to Defendants' willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiff is entitled to liquidated damages.

36. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

37. It is estimated that Plaintiff is owed $22,615.04 for her 896 overtime hours worked, plus an additional $22,615.04 in liquidated damages.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

38. Plaintiff repeats and realleges Paragraphs 1 through 37 as if fully set forth herein.

39. At all times relevant, Defendants failed to pay Plaintiff her owed overtime wages.

40. Plaintiff complained to Defendants about the failure to pay overtime wages the week of March 29, 2021.

41. Plaintiff was terminated the same week she made her complaints about overtime.

42. Plaintiff had no performance issues or other reasons for her employment to be terminated.

43. Therefore, due to the proximity of her complaints to her termination, one can infer that her termination was retaliatory in nature.

44. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

45. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" both Defendants are liable for damages against employee.

46. Any employee who is "discharged or in any other manner discriminated against" because she has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

47. At all relevant times, Plaintiff was an "employee" and Defendants were each an "employer," as those terms are defined by 29 U.S.C. § 203.

48. Defendant retaliated against Plaintiff in violation of the FLSA by terminating Plaintiff after Plaintiff requested unpaid overtime wages.

WHEREFORE, Plaintiff, Gina DiPietro, respectfully requests that judgment be entered in her favor against Defendants as follows:

A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff all lost wages including front pay and back pay;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

F. Awarding Plaintiff post-judgment interest; and

G. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 7/22/2021.

                                                        Respectfully submitted,

                                                        /s/ R. Edward Rosenberg
                                                      R. Edward Rosenberg, Esquire
                                                      Fla. Bar No.: 88231
                                                      Sorondo Rosenberg Legal PA
                                                      1825 Ponce de Leon Blvd. #329
                                                      Coral Gables, FL 33134
                                                      E: rer@sorondorosenberg.com
                                                      T: 786.708.7550
                                                      F: 786.204.0844

                                                      Attorney for Plaintiff